Kirkpatrick, C. J.
— I think there must be judgment for the plaintiff. For though it be admitted, that in all cases where the suit, or cause of action will survive to the wife, there she must be joined in the action; and though it be also admitted* that in all cases where the debt is due to the wife, éu outre droit, as iff case she be executrix, administratrix, &c. the suit or cause of action will survive to her; yet it is to be understood, that this is only when the suit Or action is brought upon the original bond Or undertaking made to the testator or intestate himself, and not upon that *609 taken by the. administratrix or executrix in her own name, for then the debt changes its nature; it is no longer to her as executrix or administratrix, but in her own private right, and must be subject to the same rules as other bonds and undertakings; and if such bond be made to a feme executrix or administratrix, during coverture, or to [*] her or her baron, in cither case, the baron may sue in his own name. Her being named executrix or administratrix in the bond, makes no difference, it is surplussage. This indeed is an administration bond; but I see no ground to distinguish it in this respect, from other bonds.
Ross mi., J. — Was of the same opinion.
Pennington, J.
— Without any question, if a bond is given to a man and his wife, the husband alone may bring the action, 1 Bac. 501, 2 Com. 107, 2 Mod. 217, 1 Stra. 230, 3 Lev. 403. But then it is said, that the wife being administratrix, and the subject of the action in auire droit, makes a difference. The Court of King’s Bench, in the case of Ankerstein v. Clarke, 4 Term Rep. 616, says, it does not; for that the husband may reduce all the assets into possession, and he will only be liable on a devastavit, if he does not pay the debts of the intestate. But as the case was adjudged since the Revolution, and therefore not law here, it is proper to pursue the subject further. Although I can find no case directly repugnant to the case, in 4 Term Rep. yet there are cases that are not in perfect accordance with it. Vel. 84, 11 Mod. 177, Cro. Car. 208, 1 Salk. 282. In cases where the action is brought on the original contract made with the intestate, I think the wife administratrix ought to be joined ; also, where an action is brought for a wrong done to the goods of the intestate. 11 Mod. 177. But the case under consideration does not come within any of the adjudged cases that I have been able to meet with, anterior to the Revolution. The bond in this case, is given to the husband and wife, conditioned to abide the award of arbitrators, to whom was submitted, not a matter in controversy, exclusively concerning the personal estate of the intestate, but first a bill of costs in an action between the parties. This certainly could not have survived to the wife, even if that action bad been [*] brought in the right of the estate of the intestate, and this does not appear. Second, all matters in difference respecting the estate. This may have respected the right of dower of the widow; it may have respected costs in other suits respecting the estate; it might have been for a distributive share of the estate; besides, all other controversies between the parties were submitted. *610 Although some of the matters in controversy submitted, respected the estate of the intestate, Abel Lee, yet in case of the death of Steward and his wife the administratrix of Lee, no one can for a moment entertain an idea, that the administrator de bonis non of Lee, could ever maintain an action on this bond. To let in the objection of the defendant, whether sound or not, it ought distinctly to appear that the consideration, or moving causes of the bond, arose solely from a debt or duty owing from the defendant, to the estate of the deceased; and that the plaintiff had no other interest in the transaction than what grew out of the interest and office of his wife as administratrix of the estate, separate from her interest in the estate, in any other relation. This by no means appears. I am, therefore of opinion, that the Common Pleas erred, and that judgment be reversed.
Judgment reversed.